IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

SHANNON D. TYUS                                                                                    PLAINTIFF
135 Tuscany Lane
Vine Grove, Kentucky 40175


                                              Case No.  3:18-cv-139-CRS
v.
                                      Senior District Judge  Charles R. Simpson, III



WELLS FARGO BANK, N.A. D/B/A                                                        DEFENDANTS
WELLS FARGO DEALER SERVICES
464 California Street
San Francisco, California 94104

        SERVE:    Corporation Service Company
                          421 West Main Street
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)


AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    CSC-Lawyers Incorporating Service Co.
                          421 W. Main Street
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

SERVE:    The Prentice Hall Corporation System
421 W. Main Street
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

SERVE:    CT Corporation System
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Shannon D. Tyus, by counsel, and for his Verified Complaint against the Defendants, USAA Savings Bank, ("USAA"), Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services, ("Wells Fargo"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; and USAA's and Wells Fargo's false reporting to Equifax, Trans Union, and Experian of an alleged delinquent debt; and Defendants' failure to correct USAA's and Wells Fargo's false reporting on Plaintiff's credit reports.

### II. PARTIES

2. Plaintiff, Shannon D. Tyus, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky residing at 135 Tuscany Lane, Vine Grove, Kentucky 40175.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Wells Fargo, is a national banking organization doing business in the Commonwealth of Kentucky with its principal place of business at 464 California Street, San Francisco, California 94104.

5. Wells Fargo is a "furnisher of information" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Hardin County, Kentucky as a result of the Defendants' doing business in Hardin County, Kentucky.

### IV. FACTUAL BACKGROUND

16. In or around December 2017, Plaintiff, who was in the process of seeking home mortgage financing, accessed his Equifax, Trans Union, and Experian credit reports and discovered that Wells Fargo was reporting that Plaintiff's Wells Fargo's account was past due and owing to Wells Fargo in the amount of $5,447.00.

17. In or around May 2016, Wells Fargo charged off Plaintiff's debt in the amount of $5,447.00, presumably Plaintiff's remaining balance on the Wells Fargo account, pursuant to 26 U.S.C. § 6050P(b)(2)(G).

18. Immediately upon discovering Wells Fargo's false and derogatory tradeline which showed an alleged balance due and owing to Wells Fargo, Plaintiff filed disputes with Equifax, Trans Union and Experian regarding the inaccuracy of the Wells Fargo tradeline given Wells

Fargo's forgiveness and discharge of the alleged debt.

19. Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Wells Fargo of the disputes at or within five (5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiff.

20. In January 2018, Wells Fargo, Equifax, Trans Union and Experian verified the alleged past due Wells Fargo account reporting on Plaintiff's credit reports.

21. Despite Plaintiff's lawful request for removal or amendment of the disputed item pursuant to the FCRA, Wells Fargo, Equifax, Trans Union, and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed item from Plaintiff's credit reports.

22. Upon information and belief, Wells Fargo, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Wells Fargo's, Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

23. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due Wells Fargo account. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligence – Wells Fargo

24. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Wells Fargo's failure to investigate Plaintiff's disputes and its false reporting to

Equifax, Trans Union, and Experian regarding the Wells Fargo tradeline were negligent under applicable law. In failing to investigate Plaintiff's dispute and in falsely reporting the status of the Wells Fargo account, Wells Fargo breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

26. Wells Fargo's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Trans Union and Experian regarding the alleged past due Wells Fargo account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

27. Wells Fargo's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the Wells Fargo tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

28. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of Plaintiff's Wells Fargo account, despite Plaintiff's lawful notice to Equifax of the falsity of the report, was negligent.

30. In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the subject tradeline, Equifax breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

32. Equifax's negligent failure to delete and/or amend its reporting of the subject

tradelines has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

33. Equifax's failure to delete and/or amend its reporting of the subject tradeline, despite Plaintiff's lawful notice to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

34. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the Wells Fargo tradeline, despite Plaintiff's lawful notice to Trans Union of the falsity of the report, was negligent.

36. In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the Wells Fargo tradeline, Trans Union breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

37. Trans Union's negligent failure delete and/or amend its reporting of the Wells Fargo tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

38. Trans Union's failure to delete and/or amend its reporting of the Wells Fargo tradeline, despite Plaintiff's lawful notice to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

39. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Wells Fargo tradeline, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent.

41. In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the Wells Fargo tradeline, Experian breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

42. Experian's negligent failure to delete and/or amend its reporting of the Wells Fargo tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

43. Experian's failure to delete and/or amend its reporting of the Wells Fargo tradeline, despite Plaintiff's lawful notice to Experian of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Wells Fargo

44. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Wells Fargo, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has a past due and payable Wells Fargo account. Wells Fargo's

statements were false and were made with conscious disregard for the rights of the Plaintiff.

46. Wells Fargo's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due Wells Fargo account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

47. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Wells Fargo and other currently unknown entities and/or individuals who have accessed Plaintiffs' Equifax credit report, that Plaintiff has a past due and payable account with Wells Fargo. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

49. Equifax's publication of false statements regarding Plaintiff's creditworthiness amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

50. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Wells Fargo and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past due and payable account with Wells Fargo. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

52. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Wells Fargo account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

53. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Wells Fargo and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due and payable account with Wells Fargo. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

55. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Wells Fargo account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Wells Fargo

56. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57. Wells Fargo's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union and Experian of Plaintiff's alleged past due and payable Wells Fargo account are violations of Wells Fargo's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

58. Wells Fargo's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Wells Fargo is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

59. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

62. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

63. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64. Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed Wells Fargo account from Plaintiff's credit report

despite knowledge of the falsity of the disputed item are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

66. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

67. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 66 as if fully set forth herein.

68. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed Wells Fargo account from Plaintiff's credit report despite knowledge of the falsity of the disputed item are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

69. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

70. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Wells Fargo

71. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72. Wells Fargo's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, Trans Union and Experian of Plaintiff's alleged past due and payable Wells Fargo account, despite Wells Fargo's knowledge of the falsity of its reporting, are willful violations of Wells Fargo's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

73. Given Wells Fargo's knowledge of the falsity of its reporting, Wells Fargo's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Wells Fargo is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

74. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 73 as if fully set forth herein.

75. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Equifax's knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

76. Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

77. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

78. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 77 as if fully set forth herein.

79. Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Wells Fargo account despite Trans Union's knowledge of the falsity of the disputed item are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

80. Trans Union's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

81. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's

actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

82. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 81 as if fully set forth herein.

83. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the Wells Fargo account despite Experian's knowledge of the falsity of the disputed item are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

84. Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

85. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Shannon D. Tyus, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
616 South Fifth St.
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Shannon D. Tyus, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Shannon D. Tyus

COMMONWEALTH OF KENTUCKY   )
                           ) SS
COUNTY OF HARDIN           )

Subscribed, sworn to and acknowledged before me by Shannon D. Tyus, this 28 day of February, 2018.

_____
Notary Public Tammy Rodriguez
Commission expires: Indef Title 10 USC 1044A